## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**SHELDRICK HERROD**                                        **PETITIONER**

**VS.**                          **CASE NO. 5:07CV00304 JLH/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Sheldrick Herrod, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Herrod was found guilty of capital murder, attempted capital murder, and aggravated robbery, and sentenced to life imprisonment without parole following a 2006 jury trial in the Circuit Court of Pulaski County. Mr. Herrod unsuccessfully appealed the conviction, alleging the trial court erred in declining to disqualify a deputy prosecuting attorney from trying the case because the deputy prosecutor was also a witness. *Herrod v. State*, No. CR 07-219 (Ark. September 20, 2007). See Exhibit B to docket entry no. 10. Mr. Herrod filed the current petition for federal habeas corpus relief shortly after the state appellate court denied his direct appeal.

Liberally construing the petition now before the Court, the following grounds for relief are

advanced:

1.      Petitioner's Fourth Amendment rights were violated when he was arrested without a warrant;

2.      Petitioner's Fourth Amendment rights were violated when he was arrested without probable cause;

3.      There was insufficient evidence to support his conviction because no evidence, including fingerprints or DNA, tied Herrod to the murder weapon; and

4.      An impermissibly suggestive photographic line-up led to a false identification at trial and denied Herrod due process.

The respondent contends that ground three is not properly before this Court due to the petitioner's failure to adequately raise the ground in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  By previous Court Order, Mr. Herrod was notified that dismissal of ground three was possible due to the apparent procedural default.  Mr. Herrod was informed of his opportunity to explain why this ground should not be dismissed, and he has submitted two pleadings in response to the Court's invitation.  We will initially consider whether ground three is properly before the Court, then address the remaining points advanced by the petitioner.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and

prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Ground three, the petitioner's allegation of insufficient evidence, was not advanced in state court. The sole claim raised in Mr. Herrod's direct appeal was trial court error in denying the petitioner's motion to disqualify a deputy prosecuting attorney. Since the ground was not raised in state court, the petitioner bears the burden of showing cause and prejudice or demonstrating his actual innocence. In his explanatory pleadings (docket entries nos. 14 & 15), Mr. Herrod argues that ground three should not be procedurally barred "because the lead detective let the courts no (sic) during my trial that they did not have any latent prints or DNA to link me to this crime." (Docket entry no. 15, p. 2). Mr. Herrod further explains, "this is the only thing I have to prove my innocents (sic) no fingerprints on the murder weapon no prints or DNA inside of that car . . . please I'm

innocent I was at the wrong place at the wrong time. I am not a killer." (Docket entry no. 15, p. 2).

Mr. Herrod fails to demonstrate cause for his failure to raise ground three in state court. His explanatory pleadings describe some trial events and can be characterized as argument. However, neither pleading contains any facts that can be construed as cause for the failure to advance ground three in state court. In addition, Mr. Herrod fails to demonstrate prejudice from the procedural lapse.

The petitioner claims to be innocent of the crimes of which he was convicted. In assessing such a claim, we are guided by the United States Supreme Court:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Herrod; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Mr. Herrod fails far short of the standard for two reasons. One, the "evidence" he highlights is not new reliable evidence. Rather, he is simply emphasizing the testimony or lack thereof that was adduced at trial. Two, although he posits that the absence of his prints on the murder weapon and his prints or DNA inside the victims' car would prove his innocence, he is in error. We have carefully reviewed the trial transcript, and the overwhelming evidence implicating Mr. Herrod would not have been counteracted by the absence of prints and DNA evidence.

The basic story presented at the trial was that Herrod and four friends were drinking and doing cocaine at an apartment late on March 1, 2006, and into the morning hours of March 2. The fivesome went to Legends bar in Little Rock somewhere around 3 or 4 a.m., arriving in a silver

Nissan Xterra. The bar was closing and the group was not admitted.  Other patrons were leaving as

the bar closed.  Cody Dobbins and Kari Evans were among those leaving.  Dobbins struck up a

conversation with Sheldrick Herrod concerning the possibility of Herrod assisting Dobbins in

obtaining some cocaine.  Herrod and his friends left Legends in the Xterra and  met Dobbins and

Evans a few blocks from the bar.  Evans was driving a black BMW, and Herrod, armed with a gun,

exited the Xterra and joined Dobbins and Evans in the BMW, with Herrod riding in the back seat.

The Xterra followed the BMW as Herrod directed Evans, the driver, toward southwest Little Rock

to a parking lot very near the apartment where Herrod and his friends had been partying early in the

evening.  The BMW stopped, with the Xterra stopping close behind the BMW.  Three of the Xterra

passengers, including Herrod's cousin, testified at the trial.  All three witnessed Herrod shooting

Evans, the driver, and all three stated that Dobbins, the passenger, never moved.  Evans testified that

the passenger in her car shot Dobbins while she was still driving in southwest Little Rock, then the

passenger turned the gun on her and stated, "What now, bitch.  I'm going to kill you, too.  Give me

all your money."  (Tr. 665).  The passenger demanded that Evans go through Dobbins' pockets,

which she refused to do, and then the passenger shot Evans three times.  Suzanne Chapman, who

lived in an apartment near the parking lot, heard two gunshots and testified that Herrod shot both

Evans and Dobbins.  (Tr. 212-213).  Herrod's palm print was found on the outside of the BMW.

Herrod, who did not testify at the trial, was arrested later that morning and, after being Mirandized,

gave a statement to police around noon on March 2.  In this statement, which was admitted at trial

(Tr. 614-626), Herrod conceded that he was at the party with the others, but stated that he did not

accompany the group to Legends and generally denied the shooting.

    In light of the evidence adduced at trial, Mr. Herrod's claim that the absence of prints inside

6

the BMW and the absence of DNA or prints on the murder weapon would prove him innocent fails.

No murder weapon was introduced at trial.  The introduction of the murder weapon, however, was

not a pivotal point in this case.  Rather, the strong and consistent eyewitnesses, coupled with the

circumstantial evidence (including Herrod's print on the outside of the BMW), lead to Herrod's

convictions.  He is incorrect in arguing that fingerprint and DNA evidence cited by him would have

proved his innocence or would have affected the jury's verdicts.

In summary, ground three is procedurally barred due to Mr. Herrod's failure to raise the claim

in state court, and due to his failure to show cause and prejudice for this lapse.  In addition, he fails

to demonstrate actual innocence which would obviate his need to show cause and prejudice.  We

recommend that ground three be dismissed as procedurally barred.

We now address the remaining claims of Mr. Herrod.  Grounds one and two invoke the

petitioner's Fourth Amendment rights, alleging those rights were violated when he was arrested

without a warrant and when he was arrested without probable cause.  In the context of habeas corpus

litigation, though, any inquiry into a Fourth Amendment issue has been severely limited by the

Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976).  This case holds that the

Constitution does not require that a state prisoner be granted federal habeas corpus relief on his

Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of

this claim.  *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985).  "It is the existence of state

processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than

a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims."

*Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981).  Here, Mr. Herrod does not allege that the state

system was defective or failed to provide the opportunity for him to fully and fairly litigate his Fourth

Amendment claims. These claims are, accordingly, barred from our review and should be dismissed on that basis.

The fourth and final claim of Mr. Herrod is that an impermissibly suggestive photographic line-up led to a false identification at trial and denied Herrod due process. Herrod moved to suppress the identification of Suzanne Chapman prior to trial, claiming the photo spread shown to her was faulty. He urged suppression because his was the only photo with a tattoo and that the background in his photograph was lighter than in the others. He also challenged Ms. Chapman's identification, alleging she simply could not see him well enough, given the brief time she saw him and the distance and lighting at the time. Following a hearing, the trial judge stated, "I do not find this photo spread to be suggestive, and, therefore, the identification will be admissible. It will be up to the jury to decide the reliability of the identification." (Tr. 169). At trial, Suzanne Chapman identified Herrod as the shooter. On cross examination, Herrod's attorney highlighted factors which cast doubt on the identification, such as the distance between Chapman and Herrod, the brief look she got, and her uncertainty on what Herrod was wearing. Chapman, however, did not waver in her identification of Herrod. (Tr. 390-404).

A two step analysis is appropriate when considering a claim of an impermissible photographic spread. The first step is to determine if the photographic spread was impermissibly suggestive. If so, the second inquiry is whether under the totality of the circumstances the photo spread created a substantial risk of misidentification at trial. *Manson v. Brathwaite*, 432 U.S. 98 (1977); *Schawitsch v. Burt*, 491 F.3d 798 (8th Cir. 2007). In this instance, the analysis halts at the first inquiry. The trial judge was correct in his factual finding that the photographic spread, found at page 178 of the trial transcript, was not impermissibly suggestive. The petitioner's claim that the

8

background of his photo was lighter than the other photos is not supported by a viewing of the

spread.  In general, the photo spread reflects six African-American males, all with facial hair, and

five of the six with little or no hair.  Herrod's is not the sole photo with more hair than the others.

Although Herrod complains that his was the only photo with a tattoo, the tattoo is very small and not

necessarily noticeable in the photo.  Simply put, the claim of an impermissibly suggestive photo

lineup was not proven prior to the trial, and the trial judge was correct in this ruling.  There is no

merit in petitioner's due process challenge to the photographic spread.

In summary, we find that grounds one and two are barred pursuant to *Stone v. Powell*, that

ground three is procedurally barred due to the petitioner's unexcused failure to raise the ground in

state court, and ground four is without merit.  As a result, we recommend that the petition for writ

of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this __11__ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE